**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **JUAN TORIBIO GUEVARA** | **CASE NO.  2:24-CV-01100 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **MICHAEL MANUEL** | **MAGISTRATE JUDGE LEBLANC** |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (rec. doc. 1) filed by petitioner Juan Toribio Guevara.  Petitioner is an immigration detainee in the custody of the Department of Homeland Security / U.S. Immigration and Customs Enforcement ("DHS/ICE").  He is detained at the Allen Parish Public Safety Complex in Oberlin, Louisiana. Petitioner argues that his "categorical, prolonged, no bail detention violates his rights under the due process."  Rec. Doc. 1, p. 6, ¶ 13.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

For the reasons stated below, **IT IS RECOMMENDED** the Petition for Writ of Habeas Corpus be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

I.      **BACKGROUND**

A.  **Status of Immigration Detention**

Petitioner is a native and citizen of Mexico.  Doc. 1-2, p. 1.  His status was adjusted to that of lawful permanent resident on March 28, 1990, under Section 245 of the Immigration and Nationality Act ("INA").  *Id*.  On February 3, 2021, Petitioner was convicted of "Aiding and Abetting Possession with Intent to Distribute 100 kilograms of Marijuana" in the United States District Court for the Western District of Texas.  *See* Declaration of Assistant Field Office Director

Jacques Metoyer, doc. 9-3, p. 1, ¶ 5. He was detained upon completion of his criminal sentence on January 19, 2024. Doc. 1-2, p. 1.

The instant petition was filed on August 14, 2024, at which time Petitioner was in pre-removal detention. *Id*. Subsequently, Petitioner was ordered to be removed from the United States to Mexico on September 23, 2024, and an appeal with the Board of Immigration Appeals ("BIA") is now pending. Doc. 9-3, p. 2, ¶ 7. Petitioner is not subject to a final order of removal while his removal proceedings remain pending.

## II.    LAW & ANALYSIS

Petitioner does not yet have a final order of removal requiring his removal from the United States. Pursuant to 8 U.S.C. § 1231(B), the "removal period" begins when "the order of removal becomes administratively final," and 8 C.F.R. § 1241.1 provides: "An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final … [u]pon dismissal of an appeal by the Board of Immigration Appeals."

The United States Supreme Court has held that an alien does not have a constitutional right to be released from detention during the limited period in which removal proceedings are pending. *Demore v. Kim*, 538 U.S. 510, 531 (2003). The right to release, therefore, is a right granted and controlled by statute. *See generally Carlson v. Landon*, 342 U.S. 524, 532-36 (1952). Specifically, 8 U.S.C. § 1226(c) requires the mandatory detention without bond of any alien who "is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii)," and 8 U.S.C. § 1227(a)(2)(A)(iii) includes any "aggravated felony," which is further defined in 8 U.S.C. § 1101(a)(43) to include "illicit trafficking in a controlled substance." "The BIA has held that the phrase 'illicit trafficking' includes 'any state, federal, or qualified foreign felony conviction involving the unlawful trading or dealing' in a controlled substance as defined by Federal law."

-2-

*Flores-Larrazola v. Lynch*, 840 F.3d 234, 240 (5th Cir. 2016) (citing M*atter of L–G–H–,* 26 I. & N. Dec. 365, 368 (BIA 2014)).

Petitioner concedes that he is subject to mandatory detention under § 1226(c) (doc. 10, p. 5), which requires the Attorney General to detain aliens who are inadmissible or removable based on having committed certain criminal offenses. *See* 8 U.S.C. § 1226(c)(1). Anyone detained under § 1226(c)(1) may not be released unless: (1) the release is necessary for witness protection purposes; and (2) the Attorney General is satisfied that the alien does not pose a danger to persons or property and that the person is likely to appear for scheduled proceedings. *See* 8 U.S.C. § 1226(c)(2). Petitioner only contends that his prolonged detention without an individualized bond hearing violates due process. *Id*.

In *Jennings v. Rodriguez*, 583 U.S. 281 (2018), the United States Supreme Court stated that the language of § 1226(c) "reinforces the conclusion that aliens detained under its authority are not entitled to be released under any circumstances other than those expressly recognized by the statute." *Id*. at 303; *Wekesa v. United States Atty*., 22-10260, 2022 U.S. App. LEXIS 32359, 2022 WL 17175818, at *1 (5th Cir. 2022), *cert. denied*, 143 S.Ct. 2666 (2023). Guevara does not allege that he meets the statutory requirements for release.

Furthermore, the *Jennings* Court rejected an "implicit" six-month limitation on detention under § 1226(c). *Id*. at 299. And the United States Fifth Circuit Court of Appeals, and courts in this Circuit, have found longer periods of detention were not unreasonable during removal proceedings. *See Wekesa*, 2022 U.S. App. LEXIS 32359, 2022 WL 17175818, at * 1 (5th Cir. November 22, 2022) (two-and-a-half years); *A.R.L. v. Garland,* 6:23-CV-00852, 2023 U.S. Dist. LEXIS 233416, 2023 WL 9316859, at *5 (W.D. La. 2023), *report and recommendation adopted*, 2024 U.S. Dist. LEXIS 9398, 2024 WL 203971 (W.D. La. 2024) (21 months); *Asonfac v. Wolf,*

6:20-CV-01218, 2021 U.S. Dist. LEXIS 50690, 2021 WL 1016245, at *2 (W.D. La. Mar. 1, 2021), *report and recommendation adopted*, 2021 U.S. Dist. LEXIS 49544, 2021 WL 1011077 (15 months); *Garcia v. Lacy*, 2013 U.S. Dist. LEXIS 101110, 2013 WL 3805730, *5 (S.D. Tex. 2013) (27 months).

Petitioner is correct in his contention that he has been "detained for over 365 days without an individualized bond hearing to determine if he poses a threat to the community or flight risk." Doc. 10, p. 3.  However, this period is neither excessive nor of an indefinite nature.  There is no indication that his custody will last longer than the duration of his removal proceedings.

Accordingly,

**IT IS RECOMMENDED** the Petition for Writ of Habeas Corpus be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 26th day of May, 2026.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE